AO 245B (8/96) Judgment in a Criminal Case

# UNITED STATES DISTRICT COURT

Eastern District of Pennsylvania

| UNITED STATES OF AMERICA | JUDGMENT IN A CRIMINAL CASE |
|---|---|
| V. | (For Offenses Committed On or After November 1, 1987) |
| JEMEAL STOKES | Case Number: CR 99-119-2 |
| | Maranna J. Meehan, Esq. |
| | Defendant's Attorney |

**REDACTED**

**THE DEFENDANT:**

☒ pleaded guilty to count(s) 1,6,7,8 & 9

☐ pleaded nolo contendere to count(s) _____ which was accepted by the court.

☐ was found guilty on count(s) _____ after a plea of not guilty.

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 21 U.S.C. 846 | Conspiracy to distribute cocaine base | 8/8/99 | 1 |
| 21 U.S.C. 841(a)(1) | Distribution of cocaine base | 8/6/99 | 6 |
| 21 U.S.C. 860 | Distribution within 1000 feet of a school | 8/6/99 | 7 |
| 21 U.S.C. 841(a)(1) | Possession of cocaine base with intent to distribute | 8/8/99 | 8 |
| 21 U.S.C. 860 | Possession of cocaine base with intent to distribute within 1000 feet of a school | 8/8/99 | 9 |
| 18 U.S.C. 2 | Aiding and abetting | 8/6/99 | 6 & 7 |

The defendant is sentenced as provided in pages 2 through __8__ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☐ Count(s) _____ ☐ is ☐ are dismissed on the motion of the United States.

IT IS FURTHER ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

Defendant's Soc. Sec. No.: -7424

Defendant's Date of Birth: 77

Defendant's USM No.: 52636-066

Defendant's Residence Address:

Passaic County Jail

11 Marshall St.

Paterson, NJ 07054

4/28/2000
Date of Imposition of Judgment

*Robert F. Kelly*
Signature of Judicial Officer

ROBERT F. KELLY, U.S. DISTRICT JUDGE
Name and Title of Judicial Officer

April 28, 2000
Date

Defendant's Mailing Address:

Passaic County Jail

11 Marshall St.

Paterson, NJ 07054

FILED 4/28/00
OCT 16 2007
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

Paterson, NJ 07054

AO 245B  (8/96) Sheet 2—Imprisonment

DEFENDANT:     JEMEAL STOKES
CASE NUMBER:   CR 99-119-2

Judgment — Page 2 of 8

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total total term of   60 months   .

X   The court makes the following recommendations to the Bureau of Prisons:
The Court recommends that the defendant be incarcerated at a federal facility near the Philadelphia area, due to family considerations.

X   The defendant is remanded to the custody of the United States Marshal.

☐   The defendant shall surrender to the United States Marshal for this district:
   ☐   at _____ ☐ a.m. ☐ p.m. on _____.
   ☐   as notified by the United States Marshal.

☐   The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
   ☐   before 2 p.m. on _____.
   ☐   as notified by the United States Marshal.
   ☐   as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

_____

_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

UNITED STATES MARSHAL

UNITED STATES MARSHAL

By _____
           Deputy U.S. Marshal

AO 245B   (8/96) Judgment in a Criminal
          Sheet 2 — Reverse — Imprisonment

DEFENDANT:      JEMEAL STOKES                                    Judgment—Page  3  of  8
CASE NUMBER:    CR 99-119-2

## ADDITIONAL IMPRISONMENT TERMS

60 months imprisonment imposed as to Counts 1, 7 & 9, to run concurrently to each other. As to Counts 6 & 8, sentence is suspended. While in custody, the Court directs that the defendant receive such treatment for his drug/alcohol addictions that is available at the prison where he is assigned. A fine of $500.00 is also imposed, to be paid while in custody in accordance with the Bureau of Prisons' Inmate Financial Responsibility Program. Any unpaid balance upon release from custody shall become a condition of supervised release.

AO 245B   (8/96) Sheet 3—Supervised Release

Judgment—Page __4__ of __8__

**DEFENDANT:** JEMEAL STOKES
**CASE NUMBER:** CR 99-119-2

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of __10 years.__

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not illegally possess a controlled substance.

*For offenses committed on or after September 13, 1994:*

The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as directed by the probation officer.

☐ The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

☐ The defendant shall not possess a firearm as defined in 18 U.S.C. § 921. (Check, if applicable.)

If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below). The defendant shall also comply with the additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B    (8/96) Judgment in a Criminal Case
Sheet 3 — Reverse — Supervised Release

Judgment—Page __5__ of __8__

DEFENDANT:    JEMEAL STOKES
CASE NUMBER:    CR 99-119-2

## ADDITIONAL SUPERVISED RELEASE TERMS

10 years supervised release imposed as to Counts 1, 7 & 9, to run concurrently to each other. While on supervised release, the defendant shall undergo such drug testing/treatment program deemed necessary by the Probation Officer.

AO 245B   (8/96) Sheet 5, Part A—Criminal Monetary Penalties

Judgment — Page __6__ of __8__

DEFENDANT:      JEMEAL STOKES
CASE NUMBER:    CR 99-119-2

## CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth on Sheet 5, Part B.

|        | Assessment | Fine     | Restitution |
|--------|------------|----------|-------------|
| Totals: | $ $300.00 | $ $500.00 | $           |

☐ If applicable, restitution amount ordered pursuant to plea agreement . . . . . . . . . . . . . . . . . .  $ _____

## FINE

~~The above fine includes costs of incarceration and/or supervision in the amount of~~  $ _____

The defendant shall pay interest on any fine more than $2,500, unless the fine is paid in full before the fifteenth day after the date of judgment, pursuant to 18 U.S.C. § 3612(f). All of the options on Sheet 5, Part B may be subject to penalties for default and delinquency pursuant to 18 U.S.C. § 3612(g).

☐ The court has determined that the defendant does not have the ability to pay interest and it is ordered that:

  ☐ The interest requirement is waived.

  ☐ The interest requirement is modified as follows:

## RESTITUTION

☐ The determination of restitution is deferred until _____. An Amended Judgment in a Criminal Case will be entered after such determination.

☐ The defendant shall make restitution to the following payees in the amounts listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportional payment unless specified otherwise in the priority order or percentage payment column below.

| Name of Payee | *Total Amount of Loss | Amount of Restitution Ordered | Priority Order or Percentage of Payment |
|---------------|-----------------------|-------------------------------|------------------------------------------|
| Totals:       | $ _____          | $ _____                  |                                          |

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994 but before April 23, 1996.

Judgment — Page 7 of 8

DEFENDANT:    JEMEAL STOKES
CASE NUMBER:  CR 99-119-2

# SCHEDULE OF PAYMENTS

   Payments shall be applied in the following order: (1) assessment; (2) restitution; (3) fine principal; (4) cost of prosecution; (5) interest; (6) penalties.

   Payment of the total fine and other criminal monetary penalties shall be due as follows:

A   X   In full immediately; or

B   ☐   $ _____ immediately, balance due (in accordance with C, D, or E); or

C   ☐   not later than _____ ; or

D   ☐   in installments to commence _____ days after the date of this judgment. In the event the entire amount of criminal monetary penalties imposed is not paid prior to the commencement of supervision, the U.S. probation officer shall pursue collection of the amount due, and shall request the court to establish a payment schedule if appropriate; or

E   ☐   in _____ (e.g., equal, weekly, monthly, quarterly) installments of $ _____ over a period of _____ year(s) to commence _____ days after the date of this judgment.

The defendant will be credited for all payments previously made toward any criminal monetary penalties imposed.

Special instructions regarding the payment of criminal monetary penalties:

☐   The defendant shall pay the cost of prosecution.

☐   The defendant shall forfeit the defendant's interest in the following property to the United States:

   Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalty payments, except those payments made through the Bureau of Prisons' Inmate Financial Responsibility Program, are to be made as directed by the court, the probation officer, or the United States attorney.